```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHRISTOPHER BLACKMON,              :

                       Petitioner, :

           -against-               :    **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,          :          13 Civ. 6797 (JSR)(KNF)

                      Respondent.  :
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

## BACKGROUND

Christopher Blackmon ("Blackmon"), proceeding pro se, made a motion pursuant to 28 U.S.C. § 2255, to vacate his sentence of ninety-six months imprisonment and three-years supervised release, following his plea of guilty and conviction on one count of illegally trafficking in firearms, 18 U.S.C. § 922 (a)(1)(A), one count of illegally selling firearms, 18 U.S.C. § 922(a)(5), and one count of illegally transferring and delivering firearms, 18 U.S.C. § 922(a)(5). The respondent opposes the motion.

*Blackmon's Contentions*

Blackmon contends that the Supreme Court's decision Moncrieffe v. Holder, __ U.S.__, 133 S. Ct. 1678 (2013) provides a basis "to appeal the adverse actions that took place at my original sentence date of 3/10/11." According to Blackmon, your Honor erred when you: (1) applied "two (2) recency points to his criminal history score"; (2) applied "[s]ix (6) criminal history points against this petitioner's 'single' conviction date on the two separate charges from his December 18, 2003 sentencing in Burlington County, New Jersey Superior Court," instead of

applying only "[t]hree (3) criminal history points for this single 'conviction' date"; and (3) declared him a career offender, based on his prior New Jersey convictions for marijuana, because, under the categorical approach applied by the Supreme Court in Moncrieffe, he was not "convicted of an aggravated felony on any of his prior New Jersey marijuana convictions."

Blackmon contends that your Honor erred when you "applied 2 criminal history points against him for having committed his instant federal offense within two years of having been released from a prior jail or prison sentence," because the November 1, 2010 amendment to section 742 of the United States Sentencing Commission Guidelines ("U.S.S.G.") repealed "the old recency enhancements of two points." Blackmon asserts that "[p]rior sentences imposed in 'related' cases are to be treated as 'one sentence' for the purposes of U.S.S.G. sec. 4A1.1(a), (b), and ( c)." As the "sentences that were imposed upon the petitioner on December 18, 2003, were imposed and or given to him on the SAME Day . . . the district court SHOULD HAVE only counted the two separate offenses AS a single sentence." Thus, only three and not six criminal history points should have been applied "for this single 'conviction' date."

Blackmon contends that the Supreme Court's decision in Moncrieffe demonstrates that his "prior New Jersey convictions for marijuana possession 'did not' qualify as federal predicate felonies under the [C]ontrolled [S]ubstance [A]ct" ("CSA"). That is so because: (a) they did not involve facts that correspond to an offense punishable as a felony under the CSA; (b) the New Jersey conviction alone does not reveal what amount is involved; and (c) "the categorical approach applies here" because "illicit trafficking in controlled substance is a generic crime." Blackmon maintains that your Honor erred when you enhanced his sentenced based on prior New Jersey "marijuana convictions that were not felonies under the CSA." Thus, his prior New Jersey marijuana convictions should not have been used "as predicate federal felonies for

2

enhancement purposes." Blackmon requests that his sentence be vacated and that he be resentenced based on the correct sentencing guidelines calculation.

***Respondent's Contentions***

The respondent contends that Blackmon waived his right to bring the instant motion in his plea agreement with the government where he "expressly waived his right to appeal a sentence of imprisonment at or below 168 months and a supervised release term at or below the statutory maximum." Moreover, the circumstances under which such a waiver is not enforceable are limited and this case does not fall within any recognized exception to the enforcement of appeal waivers. The respondent asserts that, even if the appeal waiver is not enforced, Blackmon's motion is untimely because it was filed more than one year after the final judgment. Moreover, Blackmon "is not able to avail himself of 28 U.S.C. § 2555(f)(3)'s tolling provision," because the Supreme Court's decision in Moncrieffe does not apply here since it "does not address the application of U.S.S.G. § 2K21(a)(3), and, thus, has no bearing on the commencement of the one-year limitation period in this case."

The respondent contends that the issue in this case "concerns whether Blackmon's December 18, 2003 New Jersey conviction for Distribution of Marijuana constitutes a 'felony conviction of . . . a controlled substance offense' within the meaning of U.S.S.G. § 2K2.1(a)(3)," which is different from the issue in Moncrieffe concerning "whether a conviction under a particular state marijuana statute constitutes an 'aggravated felony' under the Immigration and Nationality Act ("INA")." The respondent asserts that, under U.S.S.G. § 2K2.1(a)(1), a felony conviction "means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Therefore, "[u]nlike in

3

the context of the term 'aggravated felony,' it does not require that the state offense constitute a 'felony punishable under the Controlled Substance Act.'"

The respondent contends that Blackmon's motion is without merit because: (i) your Honor did not apply "recency points"; (ii) Blackmon's December 18, 2003 "convictions were properly counted separately because the offenses were separated by an intervening arrest"; and (iii) "there is no crime under the relevant state statute that does not qualify as a felony controlled substance offense within the meaning of U.S.S.G. § 2K2.1."

*Blackmon's Reply*

Blackmon contends that he could not "be expected to knowingly understand a plea waiver that was based off of incorrect information involving his New Jersey prior drug conviction NOT qualifying as a felony enhancement federal charge." According to Blackmon, his plea was not made voluntarily "when the information that was used to secure it was later on found to have been INCORRECT and or FALSE," as is the case here because his motion is based on the Supreme Court's ruling in Moncrieffe. Blackmon contends his motion is timely because it was brought within one year from the Supreme Court's Moncrieffe decision. Blackmon concedes that your Honor did not apply the "recency points" in calculating his criminal history category. However, he asserts that your Honor should have counted the separate sentences imposed on December 18, 2003 as a "single sentence" because they were imposed for related cases. Moreover, his prior New Jersey marijuana possession conviction was a "simple possessor" conviction that did not qualify as an "illicit trafficking" crime, and "the generic federal definition of illicit trafficking was improperly applied thru [sic] the 2K2.1 enhancement provision."

4

**DISCUSSION**

*Legal Standard*

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of— (1) the date on which the judgment of conviction becomes final [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). A judgment of conviction becomes final for the purposes of 28 U.S.C. § 2255 "when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certioari, or when the time for filing a certioari petition expires.'" Burrell v. United States, 467 F.3d 160, 163-64 (2d Cir. 2006) (citation omitted). A petition for a writ of certioari to review a judgment entered in a United States Court of Appeals "is timely when it is filed with the Clerk of [the Supreme Court] within 90 days after entry of the judgment." Rule 13.1 of the Rules of the Supreme Court of the United States. "The time to file a petition for a writ of certioari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Rule 13.3 of the Rules of the Supreme Court of the United States.

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege" and courts "indulge every reasonable presumption against waiver of fundamental constitutional rights." Ricketts v. Adamson, 483 U.S. 1, 23, 107 S. Ct. 2680, 2693 (1987)

5

(quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938)). Generally, only "waivers that are knowing, intelligent, and voluntary" are enforced. Id. "Where the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004). When determining whether to enforce a plea agreement appeal waiver, courts in this circuit consider "the nature of the right at issue and whether the sentence 'was reached in a manner that the plea agreement did not anticipate.'" United States v. Riggi, 649 F.3d 143, 148 (2d Cir. 2011) (quoting United States v. Liriano-Blanco, 510 F.3d 168, 174 (2d Cir. 2007)).

*Application of Legal Standard*

> (1) Enforceability of the Plea Agreement Appeal Waiver

In his plea agreement with the Office of the United States Attorney for the Southern District of New York, Blackmon agreed that he "will not bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255" to "any sentence within or below the Stipulated Guidelines range of 135 to 168 months' imprisonment." The plea agreement also provided that "any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation."

> (a)   The Nature of the Right at Issue

Blackmon appears to argue that the Supreme Court's decision in Moncrieffe created the right at issue here. Moncrieffe involved the INA, 8 U.S.C. § 1101 et seq., which "provides that a noncitizen who has been convicted of an 'aggravated felony' may be deported from this country." Moncrieffe, __ U.S. __, 133 S. Ct. at 1682. The Supreme Court stated:

6

>The INA also prohibits the Attorney General from granting discretionary relief from removal to an aggravated felon, no matter how compelling his case. Among the crimes that are classified as aggravated felonies, and thus lead to these harsh consequences, are illicit drug trafficking offenses. We must decide whether this category includes a state criminal statute that extends to the social sharing of a small amount of marijuana. We hold it does not.

Id.

The INA's definition of aggravated felony includes "illicit trafficking in a controlled substance," which the INA does not define but provides "that it 'includ[es] a drug trafficking crime (as defined in section 924(c) of title 18).' In turn, 18 U.S.C. § 924(c)(2) defines 'drug trafficking crime' to mean 'any felony punishable under the Controlled Substances Act.'" Id. at __, 133 S. Ct. at 1683 (internal citations omitted). Thus, "a noncitizen's conviction of an offense that the Controlled Substances Act (CSA) makes punishable by more than one year's imprisonment will be counted as an 'aggravated felony' for immigration purposes." Id. The Supreme Court stated that, [w]hen the Government alleges that a state conviction qualifies as an 'aggravated felony' under the INA," courts use "a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA." Id. at__, 133 S. Ct. at 1684. Since the aggravated felony at issue in Moncrieffe, namely illicit trafficking in a controlled substance, "encompasses all state offenses that 'proscrib[e] conduct punishable as a felony under [the CSA] . . . to satisfy the categorical approach, a state drug offense must meet two conditions: It must 'necessarily' proscribe conduct that is an offense under the CSA, and the CSA must 'necessarily' prescribe felony punishment for that conduct." Id. at __, 133 S. Ct. at 1685 (citation omitted). More specifically, the Supreme Court considered "whether possession of marijuana with intent to distribute is 'necessarily' conduct punishable as a felony under the CSA." Id. It found that "Moncrieffe was not convicted of an aggravated felony," because his "conviction could

correspond to either the CSA felony or the CSA misdemeanor." Id. at __, 133 S. Ct. at 1687. The Supreme Court held that "a state statute that criminalizes conduct that the CSA treats as a misdemeanor should [not] be designated an 'aggravated' felony"; thus, "[i]f a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA." Id. at __, 133 S. Ct. at 1693-94.

As Moncrieffe involved the determination of an "aggravated felony" under the INA, it is not applicable to the instant case, which does not involve the INA. Moncrieffe did not involve the court's determination of: (i) career offender status under the sentencing guidelines, which provide that a defendant is a career offender when, inter alia, "the defendant has at least two prior felony convictions of . . . a controlled substance offense," U.S.S.G. § 4B1.1(a); or (ii) a base offense level for a firearms offense, in a circumstance where, inter alia, any part of the offense was committed "subsequent to sustaining one felony conviction of . . . a controlled substance offense," U.S.S.G. § 2K2.1.(a)(3), as was the case in Blackmon's sentencing. Moreover, the term "controlled substance offense" in the sentencing guidelines is not governed by the INA, but is defined by the sentencing guidelines as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
> U.S.S.G. § 4B1.2(b).

Accordingly, Moncrieffe did not create any right to which Blackmon may avail himself. Blackmon failed to identify any right at issue that may warrant the court in not enforcing his plea agreement waiver of appeal.

>     (b)     Whether Sentence Was Reached In a Manner Not Anticipated by the Plea Agreement

On December 2, 2010, after Blackmon testified that he read, understood and discussed with his attorney the terms of the plea agreement he entered with the government, your Honor found that Blackmon entered his plea of guilty knowingly and voluntarily. On March 10, 2011, your Honor sentenced Blackmon to ninety-six months imprisonment, which is below the applicable sentencing guideline range of 120-150 months. Nothing in the record indicates that the sentence was reached in a manner not anticipated by the plea agreement. Since the Supreme Court's decision in Moncrieffe is not applicable to Blackmon's plea agreement or his conviction and sentencing, no basis exists for avoiding his plea agreement appeal waiver.

Blackmon failed to establish that his plea agreement appeal waiver was not knowing, intelligent and voluntary, or that any basis exists not to enforce it. Accordingly, Blackmon's motion is barred by his plea agreement appeal waiver.

> (2) Untimeliness

The instant motion is also barred by the applicable 1-year period of limitation. Blackmon's judgment became final on July 15, 2012, which is 90 days from April 16, 2012, when the Second Circuit Court of Appeals entered judgment on Blackmon's direct appeal, the time within which he had a right to file his petition for a writ of certioari. Blackmon did not file a petition for a writ of certioari with the Supreme Court, and he did not seek an extension of time to file such a petition. The instant motion was filed on September 19, 2013, more than one year after his judgment of conviction became final. See Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) ("When a prisoner is proceeding *pro se*, . . . federal courts generally consider his

or her petition for habeas corpus to have been filed as of the date when it was given to prison officials for forwarding to the court clerk.").

Blackmon cannot avail himself of 28 U.S.C. § 2255(f)(3), which is not a tolling provision as the respondent contends, but provides for the limitation period's beginning date, "moving it from the time when the conviction became final," pursuant to 28 U.S.C. § 2255(f)(1), to a later date. Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). That is so because, as indicated above, the Supreme Court's decision in Moncrieffe is inapplicable here, and Blackmon did not assert any right that was "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," as required by 28 U.S.C. § 2255(f)(3). Thus, the instant motion is untimely.

## RECOMMENDATION

For the foregoing reasons, I recommend that the instant motion be dismissed because it is barred by the: (a) plea agreement appeal waiver; and (b) 1-year period of limitation, under 28 U.S.C. § 2255(f).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. ***Failure to file***

*objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
      June 10, 2014

Respectfully submitted,

/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Christopher Blackmon